JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 25-2547 PA (RAOx) | Date | October 8, 2025 |
|---|---|---|---|
| Title | Jose Uribe Alama v. C.R. England, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | | Phyllis Preston |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Andranik Tsarukyan (video) | | Bruce Joehm (video) |

**Proceedings:**          STATUS CONFERENCE via ZOOM

Court and counsel confer concerning the Notice of Removal ("NOR") filed by defendant C.R. England, Inc. ("Defendant"). Defendant alleges that this Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. On October 8, 2025, the Court held a video conference hearing to determine whether diversity jurisdiction over this action exists. For the reasons stated below, the Court finds that Defendant has failed to plausibly allege that this Court has subject matter jurisdiction over this action.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. See 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 25-2547 PA (RAOx) | Date | October 8, 2025 |
|---|---|---|---|
| Title | Jose Uribe Alama v. C.R. England, Inc., et al. | | |

*Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. *See* Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Here, Defendant alleges in the NOR that it is a corporation organized under the laws of Utah with principal place of business in Salta Lake City and is therefore a citizen of Utah. (*See* NOR ¶¶ 11-12.) With respect to plaintiff Jose Uribe Alama ("Plaintiff"), the NOR states, "Plaintiff expressly alleges that he is a citizen of California," citing to the Complaint. (NOR ¶ 10 (citing Compl. ¶ 3).) Contrary to this assertion, however, the Complaint alleges Plaintiff's residence only. (Compl. ¶ 3 ("Plaintiff, at all times relevant to this action was, a resident of Riverside County, California.").)

Instead of proffering evidence of Plaintiff's domiciliary intent, Defendant asserts that "courts must apply the same liberal rules to removal allegations as to other matters of pleading," citing Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014), and argues that a "defendant's allegation of citizenship in a notice of removal based on diversity jurisdiction may be based solely on information and belief," citing Ehrman v. Cox Comm., Inc., 932 F.3d 1223 (9th Cir. 2019). (NOR ¶ 9–10.) However, Defendant's reliance these case is misplaced, as both were removed under the Class Action Fairness Act, where there is no antiremoval presumption. *See, e.g.,* Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986); Dart, 574 U.S. at 89 ("It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."). Where, as here, the antiremoval presumption applies, a defendant seeking to remove cannot satisfy the requirements for establishing diversity jurisdiction by alleging the plaintiff's citizenship on mere information and belief. *See* Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072, 1074 (7th Cir. 1992) (holding that allegations made "to the best of my knowledge and belief" are insufficient to establish diversity jurisdiction); Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."); *see also* Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116–17 (9th Cir. 2004) (conclusory allegation based on information and belief "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the defendant]'s burden of setting forth,

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | ED CV 25-2547 PA (RAOx) | Date | October 8, 2025 |
|---|---|---|---|
| Title | Jose Uribe Alama v. C.R. England, Inc., et al. | | |

in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" the applicable dollar value).[1/]

    In attempting to allege Plaintiff's citizenship, Defendant proffers only evidence of Plaintiff's residence and no evidence of Plaintiff's intent. Under longstanding Ninth Circuit precedent, it is clear that residence is physical, whereas domicile is generally a combination of physical presence plus an intention to make a certain definite place one's permanent abode. See, e.g., Weible v. United States, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile."). Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations of Plaintiff's residence are insufficient to plausibly allege Plaintiff's citizenship. See Kanter, 265 F.3d at 857. Accordingly, Defendant's allegations related to Plaintiff residence do not suffice to overcome the strict presumption against removal jurisdiction and are insufficient to invoke this Court's diversity jurisdiction.

    At the status conference, Defendant's counsel was given an opportunity to supplement the allegations in the Notice of Removal concerning diversity jurisdiction. Defendant proffered no sufficient additional facts or argument in support of the Court's exercise of subject matter jurisdiction over this action. The Court waived Local Rule 6-1 barring oral motions, and Plaintiff's counsel moved to remand the action to the Riverside County Superior Court based on

---

[1/]    In the NOR, Defendant also notes that Ehrman cites Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1087 (9th Cir. 2014). (NOR ¶ 10.) To the extent Defendant relies on Carolina Cas. Ins. in support of its allegations made on information and belief, Defendant's reliance is similarly misplaced because Carolina Cas. Ins. was originally filed in federal court, where the burden is on the plaintiff to plead and prove the parties' citizenship. See, e.g., Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). In cases originally filed in federal court, once the plaintiff produces evidence supporting a presumption as to domicile, the burden shifts to the other party to offer contrary evidence. See Lew v. Moss, 797 F.2d 747, 751 (9th Cir. 1986). In removal cases, however, the "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus, 980 F.2d at 566 (citing Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir.1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir.1988)); see also California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir.), opinion amended on denial of reh'g, 387 F.3d 966 (9th Cir. 2004).

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 25-2547 PA (RAOx) | Date | October 8, 2025 |
|---|---|---|---|
| Title | Jose Uribe Alama v. C.R. England, Inc., et al. | | |

Defendant's failure to adequately allege a basis for the Court's subject matter jurisdiction in the NOR.  The Court granted Plaintiff's Motion to Remand.

   Accordingly, this action is hereby remanded to the Riverside County Superior Court, Case No. CVRI2505024, for lack of subject matter jurisdiction.  <u>See</u> 28 U.S.C. § 1447(c).

   IT IS SO ORDERED.

|  | 0 | : | 17 |
|---|---|---|---|
| Initials of Preparer | | KSS | |